# EXHIBIT 2

**RAMIRO VILLANUEVA**

**v.**

**MID-CENTURY INSURANCE COMPANY, et al.**

**DEFENDANT, MID-CENTURY INSURANCE COMPANY'S PETITION FOR REMOVAL**

# EXHIBIT 2

**COMPLAINT FILED IN STATE COURT**

RECEIVED
JUL 01 2016
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
06/30/2016 12:35:59 PM

*[signature]*

**CLERK OF THE COURT**

Doren E. Hohl

JUL  7 2016

SERVICE OF PROCESS

**COMP**
CHAD N. DENNIE, ESQ.
Nevada Bar No. 8789
DENNIE LAW OFFICES
228 S. 4th Street, Second Floor
Las Vegas, NV 89101
OFFICE: (702) 331-4111
FAX1: 702-485-1148
FAX: 702-979-5809
CELL: 702-581-8208
Attorney for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

RAMIRO VILLANUEVA, individually

Plaintiff,

vs.

MID CENTURY INSURANCE COMPANY,
d/b/a FARMERS INSURANCE, a California
Corporation, licensed to do business in Nevada, a
Corporation, and DOES I through X; and ROE
CORPORATIONS I through X.

Defendants.

Case No. A-16-739375-C

Dept. No. XXIV

## COMPLAINT

COMES NOW Plaintiff, RAMIRO VILLANUEVA, by and through his attorney, CHAD N. DENNIE, ESQ., of the law firm of DENNIE LAW OFFICES, and for his causes of actions against Defendant MID-CENTURY INSURANCE COMPANY, a Corporation, alleges as follows:

## GENERAL ALLEGATIONS AND VENUE

1.    That at all times pertinent hereto, Plaintiff RAMIRO VILLANUEVA (hereinafter, "Plaintiff") is and was a resident of Clark County, State of Nevada.

1

2.      Based on information and belief, that at all times pertinent hereto, Defendant, MID-CENTURY INSURANCE ("MID-CENTURY"), is a California corporation, licensed to do business in Nevada, Entity Number: CO 240795.

3.      That the names and capacities of Defendants DOES I through X, and ROE CORPORATIONS I through X, and whether individual, corporate, associate or otherwise, are unknown to the Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the DOE and ROE Defendants are legally responsible for the injuries and damages to the Plaintiff as herein alleged. At such time that the Plaintiff determines the true identities of DOES I through X, and ROE Corporations I through X, Plaintiff will amend his Complaint to set forth the proper names of those Defendants, as well as asserting appropriate charging allegations.

4.      That in doing the acts herein alleged, each of the defendant's agents, servants, and employees were acting in the course and scope of their employment with defendant, and in the furtherance of the defendant's business.

5.      That the following incident occurred in Clark County, Nevada.

6.      On April 18, 2013, the vehicle being operated by tortfeasor Maria Dinerstein in Clark County, NV collided with the vehicle being operated by Plaintiff near Boulder Highway and Tropicana Avenue in Clark County, Nevada.

7.      Dinerstein was careless/ inattentive/ and/or failed to maintain a proper lookout and Dinerstein's vehicle caused the collision with the vehicle driven by plaintiff. Dinerstein's insurance carrier GEICO paid out the policy limits ("$20,000") of their insured for Plaintiff's medical damages.

8.      Defendant has collected premiums from Plaintiff and there is an Underinsured Motorists Policy in favor of Plaintiff in the amount of $15,000.00.

9.      Defendant has failed to pay out any amounts to their insured under the policy.

10.      That Plaintiff incurred medical bills and loss of wages directly related to defendant's carelessness/inattentiveness/ and/or failure to maintain a proper lookout.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

2

11.     That Plaintiff incorporates by reference paragraphs 1 through 10 as though fully set forth herein.

12.     That Plaintiff entered into a contract with Mid Century Insurance Company, d/b/a Farmers Insurance Company (hereinafter "MID-CENTURY") to provide Underinsured Motorist Coverage to protect his family and him on the public roadways.

13.     That MID-CENTURY has an obligation under the contract to provide coverage for medical billings causally related to an automobile accident.

14.     That MID-CENTURY received premiums from Plaintiff for this coverage.

15.     That MID-CENTURY has not provided any coverage under the policy of insurance and still refuses to provide coverage under the policy.

16.     That Plaintiff is a candidate for a Decompression and facetectomy, and Co-flex nonfusion.

17.     That Spinal Surgeon John T. Thalgott, M.D., has expressed his medical opinion to a reasonable degree of medical probability.

18.     That said surgery will cost $334,987.50.

19.     That all documentation has been provided to MID-CENTURY.

20.     That Plaintiff's claim is being handled by Special Field Claims Representative Kevin Carver, under claim number 3001840178-1-1.

21.     That this lawsuit is necessary because MID-CENTURY has failed to pay for any of Plaintiff's medical billings which are related to the MVA of April 18, 2013.

22.     MID-CENTURY breached the contract.

23.     MID-CENTURY failed to perform under the contract.

24.     That as a result of said injuries, Plaintiff has been required to engage the services of physicians and other medical providers to care for and treat him; that the present amount of bills for medical services and attention is unknown; that said injuries have caused Plaintiff pain and suffering; that said Plaintiff has since the accident experienced pain and suffering and will continue to experience pain, all to his general damages in a sum "in excess of $10,000.00."

25.     As a direct and proximate result of the breach of contract, negligence, carelessness, recklessness, and wantonness of said defendant, Plaintiff has been absent from his employment for

3

1  treatment. which has resulted in a loss of earnings and a loss of earning capacity, all to his damages in

2  an amount unknown to him at the present time.

3       26.    That it has been necessary for Plaintiff to retain the services of counsel to represent him

4  in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs

5  incurred herein.

## SECOND CAUSE OF ACTION
### (VIOLATION OF NRS 686 A.310 AGAINST MID-CENTURY, BAD FAITH)

7       27.    That Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set

8  forth herein.

9       28.    That MID-CENTURY has violated the following NRS statutes as contained within

10  NRS 686 A.310 and contained within paragraph 29 as follows:

11       29.    NRS 686A.310, Unfair practices in settling claims, liability of insurer for damages.

12       1.    Engaging in any of the following activities is considered to be an unfair practice:

13       (a)    Misrepresenting to insureds or claimants pertinent facts or insurance policy provisions

14  relating to any coverage at issue.

15       (b)    Failing to acknowledge and act reasonably promptly upn communications with respect

16  to claims arising under insurance policies.

17       ( c)    Failing to adopt and implement reasonable standards for the prompt investigation and

18  processing of claims arising under insurance policies.

19       (d)    Failing to affirm or deny coverage of claims within a reasonable time after proof of

20  loss requirements have been completed and submitted by the insured.

21       ( e)    Failing to effectuate prompt, fair, and equitable settlements of claim in which liability

22  of the insurer has become reasonably clear.

23       (f)    Compelling insureds to institute litigation to recover amounts due under an insurance

24  policy by offering substantially less than the amounts ultimately recovered in actions brought by such

25  insureds, when the insureds have made claims for amounts reasonably similar to the amounts

26  ultimately recovered.

27

28

(g)     Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of the application.

(h)     Attempting to settle claims on the basis of an application which has been altered without notice to, or knowledge or consent of, the insured, or the representative, agent or broker of the insured.

(i)     Failing, upon payment of a claim, to inform insureds or beneficiaries of the coverage under which the payment is made.

(j)     Making known to insureds or claimants a practice of the insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

(k)     Delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

(l)     Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(m)     Failing to comply with the provisions of NRS 687B.310 to 687B.390, inclusive or 687B.410.

(n)     Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

(o)     Advising an insured or claimant not to seek legal counsel.

(p)     Misleading an insured or claimant concerning any applicable statute of limitations.

30.     That defendant breached that duty and failed to make payment under the UIM policy.

31.     That as a result of said injuries, Plaintiff has been required to engage the services of physicians and other medical providers to care for and treat him; that the present amount of bills for medical services and attention is unknown; that said injuries have caused Plaintiff pain and suffering,

5

1    that said Plaintiff has since the accident experienced pain and suffering, all to his general damages in a

2    sum in excess of $10,000.00.

3          32.      As a direct and proximate result of the Bad Faith, Violation of 686 A.310, including

4    negligence, carelessness, recklessness, and wantonness of said defendant, Plaintiff has been absent

5    from his employment for treatment, which has resulted in a loss of earnings and a loss of earning

6    capacity, all to his damages in an amount unknown to him at the present time.

7          33.      That it has been necessary for Plaintiff to retain the services of counsel to represent him

8    in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs

9    incurred herein.

## THIRD CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

10         34.      Plaintiff incorporates by this reference each and every allegation previously made in

11    this Complaint, as if here fully set forth.

12         35.      A contract exists between Plaintiff and MID-CENTURY.

13         36.      MID-CENTURY performed in a manner that was unfaithful to the purpose of the

14    contract or deliberately contravened the intention and spirit of the contract.

15         37.      MID-CENTURY's conduct was a substantial factor in causing damages to plaintiff and

16    unnecessarily delayed his medical treatment.

17         38.      There existed a special element of reliance or trust between plaintiff and defendant

18    such that defendant was in a superior or entrusted position of knowledge.

19         39.      Defendant was unfaithful to the purpose of the contract or deliberately contravened the

20    intention and spirit of the contract.

21         40.      MID-CENTURY had actual or implied awareness of the absence of a reasonable basis

22    for not performing under the contract.

23         41.      MID-CENTURY's conduct was a substantial factor in causing damage to the plaintiff.

24         42.      MID-CENTURY was aware that the tortfeasor settled for $20,000.00, which were the

25    limits of the policy.

26         43.      MID-CENTURY was aware that plaintiff's future medical billings would exceed

27    $100,000.00, yet failed to offer in good faith the $15,000.00, under the policy.

28

44.     That in every insurance contract there is an implied obligation of good faith and fair dealing that neither insurer nor the insured will do anything to injure the rights of the other party to receive the benefits of the agreement.

45.     In determining whether the dispute is undertaken in good faith, you may consider all facts and circumstances bearing upon the insurer's conduct including:

(a)     The reasonableness of the insurer's investigation of the claim;

(b)     The reasonableness of the insurer's evaluation of the claim;

(c )     The reasonableness of the insurer's communications with the insured;

(d)     The reasonableness of the insurer's interpretation of the contract.

46.     That as a result of said injuries, Plaintiff has been required to engage the services of physicians and other medical providers to care for and treat him; that the present amount of bills for medical services and attention is unknown; that said injuries have caused Plaintiff pain and suffering, that said Plaintiff has since the accident experienced pain and suffering, all to his general damages in a sum in excess of $10,000.00.

47.     As a direct and proximate result of the negligence, carelessness, recklessness, and wantonness of said defendant, Plaintiff has been absent from his employment for treatment, which has resulted in a loss of earnings and a loss of earning capacity, all to his damages in an amount unknown to him at the present time.

48.     That it has been necessary for Plaintiff to retain the services of counsel to represent him in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs incurred herein.

## FOURTH CAUSE OF ACTION

**(Punitive Damages Pursuant to NRS 42.005 and NRS 42.010 AGAINST MID-CENTURY)**

49.     Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

50.     A contract exists between Plaintiff and MID-CENTURY.

51.     MID-CENTURY performed in a manner that was unfaithful to the purpose of the contract or deliberately contravened the intention and spirit of the contract.

7

52.   That MID-CENURY acted with a conscious disregard to the rights and safety of the Plaintiff.

53.   That NRS 42.001, et seq., was violated by MID-CENTURY.

54.   That as a result of said injuries, Plaintiff has been required to engage the services of physicians and other medical providers to care for and treat him; that the present amount of bills for medical services and attention is unknown; that said injuries have caused Plaintiff pain and suffering, that said Plaintiff has since the accident experienced pain and suffering, all to his general damages in a sum in excess of $10,000.00.

55.   As a direct and proximate result of the negligence, carelessness, recklessness, and wantonness of said defendant, Plaintiff has been absent from his employment for treatment, which has resulted in a loss of earnings and a loss of earning capacity, all to his damages in an amount unknown to him at the present time.

56.   That it has been necessary for Plaintiff to retain the services of counsel to represent him in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs incurred herein.

...

...

...

...

...

...

...

...

...

...

...

...

...

...

8

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT MID-CENTURY, as follows:

    1.    For general damages in an amount in excess of $10,000.00;

    2.    For pre-judgment interest;

    3.    For special damages according to proof;

    4.    For reasonable attorneys' fees and costs incurred herein; and

    5.    For such other and further relief as the court may find just and proper under the circumstances.

    6.    For punitive damages.

DATED this 30th day of June, 2016.

DENNIE LAW OFFICES

By: /s/ Chad Dennie
CHAD N. DENNIE, ESQ.
Nevada Bar No.: 8789
DENNIE LAW OFFICES
228 S. 4th Street, Second Floor
Las Vegas, NV 89101
Attorney for Plaintiff